UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Guadalupe Navarrete-Morales,

Petitioner,

v.

**ORDER**
Crim. No. 01-259(2)(MJD/JGL)

United States of America,

Respondent.

---

This matter is before the Court on Petitioner Gaudalupe Navarrette-Morales' pro se Motion for Sentence Adjustment. For the reasons stated below, Petitioner's Motion is DENIED.

Petitioner was sentenced by this Court on May 15, 2002 to a term of 70 months in prison after entering a plea of guilty to a charge of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (A) (1), (B)(1)(A) and 846. Order of May 15, 2002. On July 23, 2002, Petitioner moved pro se under 28 U.S.C. § 2255 to correct, set aside, or vacate his sentence due to the ineffective assistance of counsel in failing to argue for a two level Guidelines reduction for a minor role in the offense, and in failing to advise Petitioner that all rights to appeal or collateral attack under 28 U.S.C. § 2255 were waived. [Docket No. 40]. The Court denied this Motion. Order of November 7, 2002.

Although not titled as such, the Court considers Petitioner's current Motion for Sentence Adjustment as a Motion under 28 U.S.C. § 2255 since it is "the substance of the relief sought which counts." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (characterizing habeas petition as claim for relief under Section 1983). The Petitioner seeks a 6 month reduction in his sentence via his current motion, because he argues, his status as a deportable alien opens him to more severe collateral consequences than those visited on a United States citizen convicted of the same offense. The substance of the relief sought in this Motion is to correct or modify Petitioner's sentence. This Motion is therefore properly considered as one brought under 28 U.S.C. §2255.

However, this conclusion requires dismissal of Petitioner's Motion because Section 2255 allows only one challenge without the approval of the Court of Appeals in the circuit where the defendant was convicted. *See Schaffner v. LeBlanc*, 2004 U.S. Dist. LEXIS 21044 at *2-3 (D. Minn., Oct. 7, 2004) ("Once a defendant challenges a conviction under 28 U.S.C. § 2255, he or she is barred from pursuing a second application without the approval of the Court of Appeals in the circuit where the defendant was convicted."). In addition, Section 2255 imposes a one-year limitation period for filing a motion to correct a sentence. *Lohr v. United States*, 2004 U.S. Dist. LEXIS 19082 at *2-3 (D. Minn., Apr. 26, 2004).

This is Petitioner's second challenge under Section 2255 in an effort to reduce his sentence. Yet he has offered no evidence that the Eighth Circuit's approval has been sought or granted. Nor does the Court believe it likely that Court would grant approval. The decision on which Petitioner rests his proposed sentence reduction, *United States v. Restrepo*, 802 F. Supp. 781 (E.D.N.Y. 1992), was vacated by the United States Court of Appeals for the Second Circuit. 999 F.2d 640 (2d Cir. 1993). In doing so, the appellate court ruled that the specific collateral consequences Petitioner lists in his Motion did not warrant a downward departure under the Guidelines. 999 F.2d at 645-47 (addressing availability to alien of community custody program and deportation consequences).

In addition, Petitioner's sentence was final more than one year ago. The time for a Petition under Section 2255 has expired. Thus, this Motion is untimely.

IT IS HEREBY ORDERED that Petitioner's Motion for a Sentence Adjustment [Docket No. 64] is **DENIED**.

November 10, 2004

__s/Michael J. Davis______________
Michael J. Davis
United States District Court